PER CURIAM.
The defendants in a suit for declaratory and other relief have appealed from an adverse final decree entered by the Circuit Court for Okaloosa County.
The basic question presented for our determination in this appeal is whether the chancellor abused his judicial discretion in finding from the evidence before him that the defendants were equitably estopped to deny the plaintiff’s title to certain disputed land.
The essential facts established in the record and pertinent to the present consideration are the following:
In 1915 the plaintiff and her late husband acquired by deed the title to a small tract of land in Okaloosa County adjacent to land owned by the U. S. Forestry Service, and shortly thereafter they constructed a house and built a fence south of the house. Around 1920 one E. R. McKee, a forester, ranger, and agent of the United States Government, went upon the plaintiff’s said *639 land, and examined some stakes and a fence line that had been put there by parties unknown.
At all times since the plaintiff purchased the subject property in 1915, the United States Government had owned the property lying to the south of the plaintiff’s said land, and on October 13, 1965, the United States conveyed to the defendants its right, title, and interest to two acres, more or less, which the plaintiff claims in the case at bar overlaps on her property.
Incidentally, during the year 1965 the plaintiff became involved in litigation concerning the north boundary of her said land. See our decision in Gibson v. Wright, 179 So.2d 245 (1965).
Following the final hearing, at which the testimonial and documentary evidence of the parties was presented, the chancellor entered the final decree appealéd from herein, holding that the plaintiff must prevail in the cause “based on the line as designated by E. R. McKee, government forester and ranger and agent of the government, and by the acquiescence of the United States in the line so designated by Mr. McKee which follows an old fence line which has remnants remaining from Southwesterly most corner to the Southeasterly most corner and which runs South of the home occupied by the Plaintiff, Ethel V. Wright.”
We have diligently searched the transcript of the proceedings before the chancellor and find insufficient evidence therein to support the just-quoted finding in the final decree. In his final decree the chancellor applied the doctrine of equitable estoppel against the defendants or their predecessor in title, the United States Government, but we similarly find insufficient evidence in the transcript to justify such application. Therefore, we need not and do not here pass upon the question of whether the doctrine of equitable estoppel may be invoked against the U. S. Government.
Consequently, there being insufficient evidence before the chancellor to support the final decree, that decree must be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
WIGGINTON, C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.